POPP *v.* OLEKSZA.

Judgment—Res Judicata—Dismissal and Nonsuit—Attorney and Client.

Where Supreme Court, on client's petition, ordered substitution of attorneys and fixed fee for services performed, attorney's subsequent action to recover under contract was properly dismissed; said order of court being so far in nature of judgment as to fall within provisions of Court Rule No. 18 (1931).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 6, 1933. (Docket No. 3, Calendar No. 36,982.) Decided October 2, 1933.

Assumpsit by Suzanne M. Popp against Steve Oleksza and another for balance due for attorney's services. From order dismissing case, plaintiff appeals. Affirmed.

*Suzanne M. Popp, in pro. per.*

*James I. Ellmann* (*Henry P. Rosin,* of counsel), for defendants.

Wiest, J. Plaintiff is an attorney at law and was employed by defendants to prosecute an action at law in their behalf against Thomas Nolan, and was to receive for her services a fee contingent upon recovery and the amount thereof. A judgment was obtained in the circuit court for the sum of $3,000, and appealed by Nolan to this court. While the appeal was pending here defendants became dissatisfied with plaintiff's management of the case and applied to this court for substitution of attorneys. We allowed substitution upon payment of $150 to plaintiff. Payment was made and substitu-

tion had. Plaintiff brought this suit to recover under her contract of employment, as well as upon the common counts in assumpsit. Defendants moved to dismiss the suit on the ground that plaintiff's right to compensation, under the contract of employment, ended with this court's order of substitution of other attorneys in her place and stead. The circuit judge dismissed the suit, and plaintiff prosecutes this appeal, claiming that former adjudication is only a plea in bar and cannot be made the basis of a motion to dismiss.

Court Rule No. 18 (1931) provides:

"Defendant may, within the time for pleading, file a motion to dismiss the action or suit, where any of the following defects appear on the face of the declaration or bill of complaint, and he may, within the same time, file a similar motion supported by affidavits where any of the said following defects do not appear upon the face of the declaration or bill of complaint: * * *

"(e) That the cause of action is barred by a prior judgment."

The order of the court ordering substitution and fixing plaintiff's compensation was so far in the nature of a judgment as to fall within the mentioned provision of the rule.

If plaintiff's demand is based upon the contract of employment, then she has no right of recovery, for the substitution ended her employment and the sum awarded her constituted compensation. No other demand is asserted.

The judgment in the circuit court is affirmed, with costs against plaintiff.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.